

Jason N. Silberberg, Esq.
direct: 973.852.8368
jsilberberg@frierlevitt.com

**June 26, 2020**

**Via ECF Only**
The Honorable John M. Vazquez, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & Courthouse
50 Walnut Street
Newark, NJ 07101

      RE:    Salerno Medical Associates, LLP v. Integrity Practice Solutions, LLC, Integrity Medical Systems, LLC, Chintan Trivedi, John Does 1-10, and ABC Corporations 1-10
             Dkt. No.: 1:10-cv-07076-JMV-JBC
             June 25, 2020 Conference

Dear Judge Vazquez:

      As Your Honor is aware, we represent Defendants Integrity Practice Solutions, LLC, Integrity Medical Systems, LLC, and Chintan Trivedi (collectively, "IMS") in the above-captioned matter. During yesterday's telephone conference, Your Honor requested that Defendants submit a copy of an email reflecting Defendants' good faith and reasonable efforts to verify and (if verified) address Plaintiff's ongoing allegations of connectivity issues. We do so here.

      Attached as <u>Exhibit A</u> is a true and accurate copy of an email chain in which, as described yesterday, Defendants request Plaintiff to provide information/records, including usernames and corresponding time of (alleged) connectivity errors. The language referencing the request for usernames and time of error has been highlighted for Your Honor's convenience. We would note that Plaintiff's response to Defendants' request, despite having represented to this Court that "at any single point in time during regular business hours, approximately between 30-50 of SMA's users are unable to log into the Meditab EMR software" and that such "periods of disruptions last, on average, between twenty to ninety minutes . . . during regular business hours[,]"[1] was that doing so would "require an inordinate amount of our client's time . . ." <u>Exhibit A</u>. It bears noting that despite Plaintiff's rejection of Defendants' request for this information, Defendants, seeking in good faith to resolve the matter prior to yesterday's teleconference, requested that it be provided a second time and, yet again, Plaintiff rejected the request out of hand, characterizing it as a "demand[] . . . designed only to delay and to force SMA to submit to . . . attempted extortion." A true and accurate copy of this subsequent exchange is attached hereto as <u>Exhibit B</u>.

---

[1] <u>Declaration of Luz Capcha</u>, (ECF No. 1-3) at ¶11-12; <u>see also</u> <u>Brief to Application for Preliminary Injunction</u> (ECF No. 4-1) at pp 8-9

Pine Brook | New York City
84 Bloomfield Avenue, Pine Brook, New Jersey 07058 | t 973-618-1660 | f 973.618.0650
Please respond to New Jersey office
www.FrierLevitt.com



As Your Honor will recall, counsel for Plaintiff conceded on the record that we had, in fact, made a username and time of error request (after initially vigorously denying it), but then went on to represent that such information had been previously provided to my client prior to the filing of this action. What we noted then, we reiterate now: IMS is unaware of any such communication. That said, to the extent IMS is mistaken and usernames and times of error had previously been provided, IMS will rapidly and in good faith use this information to verify and (assuming verified) address any such connectivity issues.

In light of the foregoing, IMS would respectfully request that Your Honor grant Defendants a reasonable extension to file a response to Plaintiff's forthcoming (and as yet unseen) Amended Complaint and Application for Preliminary Injunction.

Respectfully submitted,

**FRIER & LEVITT, LLC**

**/s/ Jason N. Silberberg, Esq.**
Jason N. Silberberg, Esq.
Michelle L. Greenberg, Esq.
84 Bloomfield Avenue
Pine Brook, NJ 07058
jsilberberg@frierlevitt.com
mgreenberg@frierlevitt.com
P: (973) 618-1660
F: (973) 618-0650